**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60701
(Summary Calendar)

HELEN SIMS,

Plaintiff - Appellant,

versus

HARTFORD ACCIDENT &
INDEMNITY COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
(4:95-CV-367)

June 30, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Helen Sims ("Sims") appeals the district court's grant of summary judgment in

favor of Hartford Accident and Indemnity Company ("Hartford"). The district court found that Sims

was collaterally estopped from asserting entitlement to temporary total disability benefits from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hartford and Hartford had a legitimate and arguable reason to deny Sims' claim. Finding there was no genuine issue of material fact, the district court concluded that Hartford was entitled to judgment as a matter of law. For the following reasons, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Sims is a former employee of Conagra, Inc. ("Conagra"). On or about October 3, 1987, Sims was injured while on the job. Sims reported her injury to Conagra who notified its workers' compensation carrier, Hartford. Hartford paid Sims medical bills and on January 15, 1988, commenced payment of temporary total disability benefits to Sims.

Sims was initially treated by Dr. Samuel S. Sugg and Dr. Guy T. Vise for her injury, however on February 4, 1988, she began receiving treatment from Dr. Curtis Slipman. On June 9, 1988, Dr. Slipman issued a report to Hartford stating that Sims had reached maximum medical improvement and that she could work within certain restrictions. Hartford discontinued payment of Sims' temporary total workers' compensation benefits on July 25, 1988 in reliance on Dr. Slipman's June 9, 1988 report. Hartford did not notify Sims of the suspension of benefits.

At the time of the suspension of benefits, Conagra had several jobs within Sims' medical restrictions. However, Sims did not reapply for work nor did she contact Conagra's personnel department regarding the possibility of returning to work.

Sims filed a Petition to Controvert with the Mississippi Workers' Compensation Commission alleging that she was permanently disabled. Hartford disputed whether Sims suffered any loss of wage earning capacity and/or permanent disability under the Mississippi Workers' Compensation Act. Pursuant to the Act, Hartford exercised it s right to have Sims examined by a physician of its

choosing. Dr. George Truett, orthopedic surgeon, examined Sims on January 24, 1990 and determined that she could gradually resume her pre-injury employment.

On April 22, 1994, Sims' workers' compensation claim was heard by a state Administrative Law Judge ("ALJ"). On June 23, 1994, the ALJ ruled that Sims was entitled to temporary total disability benefits for the period of January 15, 1988 through June 9, 1988, and to the payment of permanent partial disability in the amount of $25.00 per week for 450 weeks. The Mississippi Workers' Compensation Commission affirmed the order on December 9, 1994. Neither party appealed from the decision of the Commission.

On October 4, 1995, Sims filed suit against Conagra and Hartford (collectively referred to as "Defendants") in state court alleging bad faith handling of her claim for workers' compensation benefits. Sims sought compensatory and punitive damages. Defendants removed the case to federal district court. Conagra filed a motion for summary judgment on the grounds that it did not make any of the decisions regarding Sims' claim. The district court granted Conagra's motion on April 18, 1996, and Sims did not appeal. Subsequently, Hartford filed a motion for summary judgment asking the court to dismiss Sims' claim for contractual and punitive damages. The district court granted the motion on September 13, 1996, concluding among other things, that Sims was collaterally estopped from challenging the ALJ's and commissions conclusions. Sims timely appealed.

## DISCUSSION

We review a grant of summary judgment under the parameters established by Fed. R. Civ. P. 56. Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. "We review a grant of summary judgment *de*

3

*novo*, applying the same standard used by the district court, and in reviewing the facts, we draw all inferences most favorable to the party opposing the motion." *Mulberry Square Productions, Inc. v. State Farm Fire and Casualty, Co.*, 101 F.3d 414 (5th Cir. 1996); *Raju v. Rhodes*, 7 F.3d 1210, 1212 (5th Cir. 1993). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Electric Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Our review of this diversity case is limited to the substantive law of Mississippi. *Dial v. Hartford Accident & Indemnity Co.*, 863 F.2d 15 (5th Cir. 1989). Mississippi law allows an employee to bring a tortious breach of contract action against his employer's workers' compensation carrier for bad faith refusal to provide benefits.[1] *Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 S.2d 55 (Miss. 1984); *Richards v. Amerisure Ins. Co.*, 935 F.Supp. 863, 869 (S.D. Miss. 1996); *Billingsley v. United Technologies Motor Systems,* 895 F.Supp. 119 (S.D. Miss. 1995); *Powers v. Travelers Ins. Co.*, 664 F.Supp. 252, 253 (S.D. Miss. 1987). However, "the only route to the recovery of punitive damages under Mississippi law is via a determination of entitlement to [contractual] benefits in accordance with the Mississippi Workers Compensation Act." *Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225 , 232 (S.D. Miss. 1992). Under Mississippi law, the Workers' Compensation Commission has exclusive jurisdiction to determine the right to compensation. *Powers*, 664 F.Supp. at 255.

---

[1] In *Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 S.2d 55 (Miss. 1984), the Mississippi Supreme Court concluded that under the Mississippi Workers' Compensation Act, the statutory penalty for the non-payment of benefits to an injured worker is compensation. *Id*. at 58. The act did not contemplate and failed to address separate and independent torts, thus the independent action of bad faith refusal to pay workers' compensation benefits was recognized. *Id*.

4

Since we find that the district court properly concluded that Sims' action was barred by collateral estoppel, we will confine our discussion to this issue and not address the merits of Sims' claim.

The crux of Sims' argument is that Hartford wrongfully terminated her temporary total disability benefits on July 25, 1988. It is undisputed that Sims suffered an on-the-job injury on October 3, 1987 and as a result of that injury, Sims received temporary total disability from January 15, 1988 through July 25, 1988. On the later date, Hartford suspended payment of Sims' temporary total disability benefits in reliance upon a letter from Dr. Slipman indicating that Sims had achieved maximum medical recovery and could return to work with certain restrictions. Sims' filed a Petition to Controvert with the Workers' Compensation Commission where the case was heard by a state ALJ. The ALJ ruled that Sims' was entitled to benefits from January 15, 1988 through June 9, 1988 and entitled to permanent partial disability benefits at a weekly rate of $25.00 per week for 450 weeks. The Workers' Compensation Commission affirmed the ALJ's ruling.

Sims now attacks the Commission's and ALJ's conclusions. The doctrine of collateral estoppel, however, prevents her from doing so. In assessing whether an issue has previously been adjudicated barring subsequent litigation, Mississippi subscribes to the *Dunaway* test.[2] *Walker v. Kerr McGee*, 793 F.Supp. 688, 694-95 (N.D. Miss. 1992). Under the *Dunaway* test, collateral estoppel will bar litigation of an issue where: (1) the plaintiff is seeking to relitigate a specific issue; (2) the issue has already been litigated in a prior lawsuit; (3) the issue was actually determined in the

---

[2] In *Walker*, 793 F.Supp. at 697, this court stated that "it is well settled in the Fifth Circuit that in a federal diversity case a prior state court judgment cannot be given a greater collateral estoppel effect than the state in which the court sits would give it apparently because *Erie* principles require the federal court sitting in diversity to apply the state's law of collateral estoppel." Thus, Mississippi law controls the question of whether collateral estoppel is applicable in this case.

prior lawsuit; and (4) the determination of the issue was essential to the judgment in the prior lawsuit. *Id.* at 695. (*citing Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So.2d 749, 751 (Miss. 1982)).

Sims filed a claim with the Mississippi Workers' Compensation Commission seeking to recover permanent total disability benefits for an accident sustained on October 3, 1987 while employed at Conagra, Inc. The sole issue determined in that matter was the nature and extent of the disability Sims suffered in the accident. An ALJ concluded that Sims did not suffer a permanent disability. The Commission affirmed the ALJ's finding. In reviewing the evidence and determining Sims' eligibility, the ALJ and the Commission were forced to examine the nature and extent of Sims' injuries. After a thorough examination of the record, both entities concluded that Sims was ineligible for permanent total disability benefits.

Now, Sims asks this court to relitigate the issue and find that she did, in fact, suffer a permanent total disability and is entitled to permanent total disability benefits. Clearly, Sims introduced the same case to the district court that had been previously presented before the Workers Compensation Commission. As stated previously, Sims claim for workers' compensation is within the exclusive purview of the Mississippi Workers' Compensation Commission, neither the state courts of Mississippi nor the federal courts have the authority to determine whether Sims was entitled to contractual damages. Thus, we find that the issue presented to the district court has been previously determined by the Workers' Compensation Commission and is barred from relitigation by the doctrine of collateral estoppel.

AFFIRMED.